```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BILLY J. JANSEN,

                Plaintiff,

        - against -

90 FIFTH OWNER, LLC; TAURINO MANAGEMENT,
INC.; and REPUBLIC FIRST BANK,

                Defendants.
------------------------------------X
TAURINO MANAGEMENT, INC.,

                Third-Party Plaintiff,

        - against -

REPUBLIC FIRST BANK, METROPOLITAN CONTRACT
CARPET, INC. and FINDLAY INSTALLATION
SERVICES, LLC,

                Third-Party Defendants.
------------------------------------X
90 FIFTH OWNER, LLC,

                Second Third-Party
                Plaintiff,

        - against -

TAURINO MANAGEMENT, INC. and REPUBLIC
FIRST BANK,

                Second Third-Party
                Defendants.
------------------------------------X
```

**MEMORANDUM AND ORDER**

25 Civ. 3901 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Billy J. Jansen ("Jansen") brought this case in New York State Supreme Court, Bronx County on November 15, 2019, alleging common law negligence and claims under New York Labor Law §§ 200, 240(1), and 241(6). ECF No. 3-7 ("State Court Record") at 15-21. Jansen, a construction worker, was injured on the job and sued 90 Fifth Owner, LLC, the owner of the building under renovation ("90 Fifth"), Taurino Management, LLC, the general contractor ("Taurino"), and, later, Republic First Bank, an FDIC-insured bank incorporated and headquartered in Pennsylvania and leasing space in the building ("Republic First"). Id. at 15-21, 86-93; ECF No. 16 ("Remand Opp.") at 1. Taurino initially brought third-party claims against Republic First and various other defendants, which were subsequently dismissed in the state court.[1] 90 Fifth also brought third-party claims for contribution and indemnification against Taurino and Republic First, which remain pending. State Court Record at 216-218; Remand Opp. at 4.

On April 26, 2024, the Federal Deposit Insurance Corporation ("FDIC-R") was appointed as receiver for Republic First, following the bank's insolvency. ECF No. 3-1. FDIC-R succeeded to "all rights, titles, powers and privileges" of Republic First, and

---

[1] Taurino has acknowledged its obligation to indemnify Republic First Bank and dismissed its third-party claim against Republic First. See ECF No. 18-1 (Stipulation of Voluntary Dismissal). Taurino's remaining third-party claims, for example, a claim against Findlay Installation Services, Inc., the sub-contractor who directly hired Jansen, were also dismissed by the state court. See State Court Record at 182-83.

published notice of its takeover and of the August 15, 2024 "Claims Bar Date" to submit administrative claims against the defunct bank pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA" or the "Act").  12 U.S.C. § 1821(d)(3)(B); see also ECF Nos. 17-1, 17-2, 17-3.  On April 30, 2025, FDIC-R learned of the existence of this litigation and, on May 8, 2025, sent a "Notice of Discovered Creditors" to Jansen and 90 Fifth requiring any claim, including claims eligible under the "late-filed exception" to the Claims Bar Date to be submitted to the FDIC-R by August 6, 2025.  ECF Nos. 17 ("Holmes Remand Decl.") ¶¶ 5-6; 17-4 at 2.  FDIC-R also substituted itself for Republic First in the state court litigation, ECF No. 3-5, and removed the case to federal court on May 12, 2025.  See ECF No. 3 ("Notice of Removal"); 12 U.S.C. § 1819(b)(2)(B).

Now pending before this Court is Jansen's June 9, 2025 motion to remand the entire case -- including the claims against FDIC-R -- back to New York State court, ECF No. 13, which FDIC-R has opposed.  Also pending is FDIC-R's November 7, 2025 motion to dismiss Jansen and 90 Fifth's claims against it pursuant to Federal Rules of Civil Procedure 12(h)(3) and 12(c), ECF No. 33, which 90 Fifth has opposed.  For the reasons discussed herein, the Court finds that this case was properly removed to federal court in the first instance.  The Court also holds that FDIC-R, as receiver for Republic First, must be dismissed, as neither Jansen nor 90 Fifth

2

exhausted their administrative remedies before FDIC-R as required under FIRREA.  <u>See</u> 12 U.S.C. §§ 1821(d)(13)(D), 1821(d)(5)(C). Since the Court is dismissing the claims against FDIC-R, this case no longer raises a federal question.  Thus, the Court will remand the remaining claims to the New York State court for further proceedings.

## **DISCUSSION**

"The parties' motions both raise the same basic issue: whether the action is properly before this Court." <u>Verdi v. Fed. Deposit Ins. Corp.</u>, 2023 WL 6388225, at *3 (C.D. Cal. Sep. 28, 2023) (considering plaintiff's motion to remand a case removed by FDIC-R pursuant to 12 U.S.C. § 1819(b)(2)(B) and FDIC-R's motion to dismiss for lack of subject matter jurisdiction under 12 U.S.C. § 1821(d)(13)(D)).  Thus, "[w]e resolve the [first-filed] Motion to Remand before turning to the Motion to Dismiss." <u>Id.</u>

## I.  Jansen's Motion to Remand

On May 12, 2025, three days after its substitution for Republic First, FDIC-R removed this case pursuant to Section 1819(b)(2)(B), which states:

> [FDIC-R] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court . . . before the end of the 90-day period beginning on the date . . . [FDIC-R] is substituted as a party.

3

12 U.S.C. § 1819(b)(2)(B); see also 28 U.S.C. § 1331 (conferring original "federal question" jurisdiction on the district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. 1441(a) (allowing removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States . . . embracing the place where such action is pending").  FIRREA gives the FDIC-R "an unqualified right to remove 'all suits of a civil nature at common law or in equity' to which it, in any capacity, is a party," JPMorgan Chase Bank, Nat. Ass'n v. Nell, No. 10 Civ. 1656 (RRM), 2012 WL 1030904, at *8 (E.D.N.Y. Mar. 27, 2012) (quoting 12 U.S.C. § 1819(b)(2)(A)), subject only to the limited "state actions" exception of 12 U.S.C. § 1819(b)(2)(D).

Jansen moves to remand the case pursuant to the "State actions" exception, which specifies that:

> [A]ny action –
>
> (i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
>
> (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
>
> (iii) in which only the interpretation of the law of such State is necessary,

4

> shall not be deemed to arise under the laws of the
> United States.

12 U.S.C. § 1819(b)(2)(D).  Jansen insists that his allegations of common law negligence and claims pursuant to New York Labor Law §§ 200, 240, 241 "are grounded exclusively in state law" and that "no federal law issues are involved."  ECF No. 14 ("Remand Mot.") at 5-6.  Therefore, Jansen asks the Court to remand this action in its entirety back to state court.  Id. at 3.  FDIC-R does not contest that the first two prongs of the "state actions" exception are met.  Remand Opp. at 1.  Rather, FDIC-R challenges the third prong, which requires that "only the interpretation of the law of such State is necessary."[2]  Id.  (citing 12 U.S.C. § 1819(b)(2)(D)(iii)).

FDIC-R argues that this case implicates federal law because Jansen and 90 Fifth have failed to exhaust their administrative remedies before FDIC-R, as required by FIRREA.[3]  Remand Opp. at 8-

---

[2]    FDIC-R raises an additional argument, for the first time in a surreply, that "[Section 1819(b)(2)(D)(iii)'s] reference to "such State" does not mean "any State" and "limit[s] the scope of the exception . . . to the law of the aforementioned depository institution's state of incorporation."  ECF No. 22 at 1 (citation omitted).  Thus, FDIC-R argues, because Republic First is incorporated in Pennsylvania and not New York, the New York State law claims asserted in this case do not trigger the state law exception.  Id.  The Court need not reach this argument given that FDIC-R has advanced meritorious federal law defenses.  See supra and infra Discussion Section I.

[3]    Jansen's remand motion was filed on June 9, 2025, and was fully briefed by July 4, 2025.  Since that date, FDIC-R has added additional facts in support of its federal law defense because neither Jansen nor 90 Fifth has responded to the "Notice of Discovered Creditors" sent by FDIC-R on May 8, 2025, which required that any claim, including claims under the "late-filed exception" to the August 15, 2024 "Claims Bar Date" be filed by August 6, 2025.  Holmes Remand Decl. ¶ 6; 17-4 at 2; 17-5 at 2; see also infra Discussion Section II.a. (holding that Jansen and 90 Fifth failed to exhaust administrative claims).  It is

12; see also 12 U.S.C. § 1821(d)(13)(D) ("Limitation on judicial review" specifying that "no court shall have jurisdiction over-(i) "any claim or action for payment from, or any action a seeking determination of rights with respect to, the assets of any depository institution" in receivership or (ii) "any claim relating to any act or omission of such institution or the [FDIC-R]" unless plaintiff first exhausts his administrative remedies) (emphasis added).   Jansen replies that federal law defenses must be necessary to "resolve the case" on the merits and cannot include procedural or jurisdictional arguments -- in this case exhaustion -- separate from the merits.   ECF No. 19 ("Remand Reply") at 3-6. If the Court held otherwise, Jansen argues, "there would be nothing left of the state-law exception" because "[w]ith FIRREA implicated in every action wherein the FDIC is a party as receiver, the FDIC could, then, merely allude to the statute and its administrative claims process to remove any case, including those that invoke only state law, to federal court."   Id. at 5.

Jansen raises an interesting point, the answer to which lies in First Hartford Partners II v. F.D.I.C., a case Jansen himself cites.   No. 93 Civ. 0933 (RPP), 1993 WL 426846 (S.D.N.Y. Oct. 18, 1993).   Jansen points to First Hartford Partners II's holding that "defendant's reliance on Section 1821(d) does not present a

uncontested that neither Jansen nor 90 Fifth submitted an administrative claim by the renewed August 6, 2025 date.

colorable issue of federal law." Id. at *4; see Remand Reply at 5. However, Jansen omits critical context. The court's full reasoning was as follows:

> Defendant has not shown that it gave plaintiff notice . . . pursuant to Section 1821(d)(3). In view of this failure and because holding exhaustion of administrative remedies necessary when the FDIC has not published notice as required by 1821(d)(3) would eviscerate the purpose of 1819(b)(2)(D) the Court finds that defendant's reliance on Section 1821(d) does not present a colorable issue of federal law.

First Hartford Partners II, 1993 WL 426846, at *4. Here, by contrast, it is uncontested that defendant did publish notices pursuant to 12 U.S.C. § 1821(d)(3) and that plaintiffs failed to file administrative claims by the "Claims Bar Date" or at any time thereafter. See infra Discussion Section II.a (confirming (i) proper service of the notices by FDIC-R and (ii) Jansen and 90 Fifth's failure to respond to those notices by either the August 15, 2024 or renewed August 6, 2025 deadlines). The Court need not be concerned with "eviscerating" the state law exception because that exception continues to exist in contexts where the asserted federal defense is not "colorable." See First Hartford Partners II, 1993 WL 426846, at *4; see also Reding v. Fed. Deposit Ins. Corp., 942 F.2d 1254, 1258 (8th Cir. 1991) ("[T]he FDIC's claimed federal defense [must] present[] a colorable issue for decision and . . . not [be] meritless. . . . We believe this rule makes the [state actions] exception[] in section 1819(b)(2)(D) viable, while

7

preserving Congress' overall desire that cases involving FDIC should generally be heard and decided by the federal courts.") (citation and internal quotation marks omitted).

First Hartford Partners II and numerous other cases make clear that the state actions exception does not apply where, as here, it is uncontested that FDIC-R published notices and that plaintiffs failed to exhaust their administrative remedies. First Hartford Partners II, 1993 WL 426846, at *4; Lee v. Foris Dax, Inc., 2024 WL 4887504, at *5 (N.D. Cal. Nov. 25, 2024) ("[Plaintiff] has not met the mandatory administrative exhaustion requirements to file a suit like this one against FDIC-R (and its employees). . . . Accordingly, the state action exception does not apply.  FDIC-R has removal authority under § 1819(b)(2)(B) and § 1441."); Verdi, 2023 WL 6388225, at *5 ("FDIC-R has removal authority under § 1819(b)(2)(B) and § 1441, and the state action exception under § 1819(b)(2)(D) does not apply" because "FDIC-R asserts several colorable defenses arising under federal law); Roman-Lanzo v. Guzman, 2016 WL 3546237, at *1 (D.P.R. June 23, 2016) ("[T]he court must look at the defenses asserted by the FDIC, such as plaintiffs' alleged failure to exhaust administrative remedies.  This will require the interpretation of federal law. . . .  Therefore, the court concludes that this case does not fall under the state action exception of 18 U.S.C. § 1819(b)(2)(D).  So it was properly removed."); Holmes v. F.D.I.C., 2011 WL 1750227, at *5 (E.D. Wis.

8

May 6, 2011) ("Because FDIC may assert that [plaintiff] failed to meet the deadline set by FDIC for submitting his claim, this defense is clearly facially meritorious" and "independently place[s] this action outside FIRREA's state-law exception to jurisdiction."); Fed. Deposit Ins. Corp. v. Beatley, 2011 WL 665448, at *6 (S.D. Ohio Feb. 11, 2011), report and recommendation adopted sub nom. F.D.I.C. v. Beatley, 2011 WL 839258 (S.D. Ohio Mar. 4, 2011) ("[S]ome of the FDIC's federal defenses are colorable. For example, the FDIC's contentions that Defendants were required to exhaust administrative remedies . . . appear to have a basis in federal law.") (citation omitted).  Thus, this action was properly removed pursuant to 18 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441.[4]

## II.  FDIC-R's Motion to Dismiss

Having concluded that the action was properly removed to this Court in the first instance, the Court will next consider FDIC-R's motion to dismiss Jansen and 90 Fifth's claims against it pursuant to Federal Rules  of Civil Procedure 12(h)(3) and 12(c).

---

[4]    Jansen also raised an argument in his reply papers that the FDIC-R's federal defense was not "colorable" because "Taurino has agreed to indemnify Republic [First]" such that no "asset" of Republic First is at issue.  Remand Reply at 7.  While Taurino's assumption of responsibility is noted, 90 Fifth still seeks a separate determination that it is covered as an additional insured on an insurance policy held by Republic First.  See generally ECF No. 36 ("MTD Opp.").  As discussed infra in Discussion Section II.b., the insurance policies held by Republic First are "assets" of the bank.  Therefore, 90 Fifth is "seeking a determination of rights with respect to, the assets of [Republic First]" despite this Court's lack of jurisdiction.  12 U.S.C. § 1821(d)(13)(D)(i).

ECF No. 33.  First, we will analyze whether FIRREA deprives this Court of subject matter jurisdiction over the claims against FDIC-R, as receiver for Republic First, because plaintiffs failed to exhaust their administrative remedies.  See 12 U.S.C. § 1821(d)(13)(D).  Second, we will consider 90 Fifth's sole argument in opposition to the motion: that the insurance policy covering Republic First as the primary "insured" party is not an "asset" of the bank under 12 U.S.C. § 1821(d)(13)(D)(i).  MTD Opp. at 7-8. Third, we will discuss 90 Fifth's request -- set forth in the alternative -- to remand the claims against FDIC-R to the state court.  MTD Opp. at 8-9.

FDIC-R moves to dismiss pursuant to Federal Rule of Civil Procedure 12(h)(3), which obliges the Court to dismiss an action "[i]f the court determines at any time that it lacks subject matter jurisdiction."  ECF No. 34 ("MTD Mot.") at 7.  FDIC-R also moves pursuant to Federal Rule of Civil Procedure 12(c).  Id. (A motion under "FRCP 12(h)(3)[] is valid even after the answer is filed and should be construed as a motion for judgment on the pleadings under Rule 12(c).") (quoting Diaz v. New York Paving Inc., No. 18 Civ. 04910 (ALC), 2025 WL 1220924, at *1 (S.D.N.Y. Apr. 24, 2025)). "The standard governing a Rule 12(h)(3) motion is the same as that governing a motion under Rule 12(b)(1)."  Bell v. Ramirez, No. 13 Civ. 7916 (PKC), 2014 WL 7178344, at *2 (S.D.N.Y. Dec. 9, 2014); see also PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of

10

Pharmacy, No. 19 Civ. 7577 (KMK), 2024 WL 1199500, at \*2 (S.D.N.Y. Mar. 20, 2024) ("Where a Rule 12(c) motion asserts that a court lacks subject matter jurisdiction, the motion is governed by the same standard that applies to a Rule 12(b)(1) motion.") (citation omitted). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings" and "a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

### a. Administrative Exhaustion under FIRREA

On April 26, 2024, the Pennsylvania Department of Banking and Securities shuttered Republic First and appointed the FDIC as receiver with full powers to resolve claims against the bank. See ECF No. 3-1 (Notice and Certificate of Possession). FIRREA requires that FDIC-R "in any case involving the liquidation or winding up of the affairs of a closed depository institution shall— promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall be not less than 90 days after the publication of such notice." 12 U.S.C. § 1821(d)(3)(B)(i). FIRREA further requires that FDIC-R "republish such notice approximately 1 month and 2 months, respectively, after the publication under clause (i)." 12 U.S.C. § 1821(d)(3)(B)(ii).

11

Here, FDIC-R complied with FIRREA's requirement by publishing "in May 2024, and again in June and July 2024," notices in national newspapers informing creditors that they must "present their claims to FDIC-R by August 15, 2024, known as the 'Claims Bar Date.'" Holmes Remand Decl. ¶ 3, 17-1 (May 2, 2024 Notices), 17-2 (June 4, 2024 Notices), 17-3 (July 2, 2024 Notices). It is undisputed that FDIC-R's notices were properly served and that neither Jansen nor 90 Fifth submitted an administrative claim by the August 15, 2024 "Claims Bar Date." MTD Mot. at 10-11; see generally MTD Opp.

After FDIC-R discovered the existence of the action on April 30, 2025,[5] it gave plaintiffs another opportunity to present their claims. On May 8, 2025, FDIC-R sent "Notices of Discovered Creditors" via certified mail directly to Jansen and 90 Fifth. See ECF Nos. 17-4 ("Notice to Jansen"), 17-5 ("Notice to 90 Fifth"); 12 U.S.C. § 1821(d)(5)(C)(ii) (creating a narrow exception that late-filed claims "may be considered . . . if (I) the claimant did not receive notice of the appointment of the receiver in time to file such claim before" the Claims Bar Date and "(II) such claim is filed in time to permit payment of such claim"). The notices informed Jansen and 90 Fifth of FDIC-R's

---

[5]    FDIC-R states that it discovered the existence of the state court action when "Fulton Bank—the institution that acquired Republic's assets—received and forwarded to FDIC-R a letter from Taurino's insurance carrier to 90 Fifth Owner that had been carbon copied to [First] Republic at its previous headquarters address in Philadelphia." Holmes Remand Decl. ¶ 5.

takeover and informed them that they had to submit any claims, including any application under the "late-filed" exception, by August 6, 2025.   Notice to Jansen at 2 ("You must submit your completed claim and the supporting documentation to the Receiver on or before August 6, 2025" and "[**f]ailure to file your claim by [August 6, 2025] will result in the disallowance of your claim.**"), Notice to 90 Fifth at 2 (same).   It is undisputed that FDIC-R properly served the "Notices of Discovered Creditors" and that neither Jansen nor 90 Fifth submitted an administrative claim to FDIC-R by the renewed August 6, 2025 deadline.   MTD Mot. at 11-13; see generally MTD Opp.

FIRREA specifies that administrative claims submitted after the "Claims Bar Date" and not subject to any "late-filed" exception or -- as in this case -- claims not submitted at all, "shall be disallowed and such disallowance shall be final."   12 U.S.C. § 1821(d)(5)(C)(i).   In addition to this statutory bar, the Act further provides that:

> . . . no court shall have jurisdiction over—
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

13

12 U.S.C. § 1821(d)(13)(D).  "The Second Circuit has held that this provision deprives federal courts of subject matter jurisdiction over claims that have not been first presented to the [receiver] for review." Prieto v. Standard Fed. Sav. Bank, 903 F. Supp. 670, 672 (S.D.N.Y. 1995) (citing Circle Indus., Div. of Nastasi-White, Inc. v. City Fed. Sav. Bank, 931 F.2d 7, 8 (2d Cir.1991) (per curiam)).

Where, as here, "[Jansen] and [90 Fifth] were mailed notice yet did not file a claim within the allowable time period, they have not exhausted their administrative remedies," and "this Court lacks subject matter jurisdiction" such that "judgment must be granted in favor of the FDIC with regard to these two plaintiffs." Betancourt v. F.D.I.C., 851 F. Supp. 126, 132-133 (S.D.N.Y. 1994) (Sand, J.); see also Nell, 2012 WL 1030904, at *7 ("As [plaintiff] has thus failed to show exhaustion of his statutory remedies with respect to the FDIC, this Court lacks jurisdiction over the Borrower Claims, which must be dismissed."); Aber-Shukofsky v. JPMorgan Chase & Co., 755 F.Supp.2d. 441, 445 (E.D.N.Y. 2010) ("The administrative review process provided by FIRREA is a prerequisite to judicial review" and "section 1821(d)(13) expressly revokes the jurisdiction of all federal courts to decide claims against the assets of a failed institution" if administrative remedies are not exhausted); Verdi, 2023 WL 6388225, at *6.  This is true even though plaintiffs' claims were filed before Republic First entered

14

receivership.  Huggins v. F.D.I.C., No. 07 Civ. 5313 (RJD) (VPP), 2010 WL 3926263, at *3 (E.D.N.Y. Sep. 29, 2010) ("[T]he Court does not hesitate in joining the majority of courts that have concluded that a federal court cannot pass on the merits of pre-receivership claims where the plaintiff has not exhausted his remedies under the FDIC's claims resolution process.") (collecting cases).

Although courts have occasionally stayed -- rather than dismissed -- cases initiated pre-receivership while the administrative process resolves itself, that is not possible here because August 6, 2025 was the latest date by which any plaintiff could statutorily file an administrative claim against Republic First/FDIC-R.  12 U.S.C. § 1821(d)(5)(C); see Simms v. Biondo, 785 F. Supp. 322, 326 (S.D.N.Y. Jan. 24, 1992) (Bartels, J.) (explaining that "continuing actions commenced against depository institutions prior to . . . receivership [is] contingent upon compliance with the [administrative] claims process" and "[d]ismissal[] of pre-receivership claims" is appropriate where "no [administrative] filings occurred").[6]  Because Jansen and 90

---

[6]    Even if Jansen and 90 Fifth could still exhaust or had exhausted their administrative remedies and the FDIC-R had denied their claims in an ensuing administrative proceeding, jurisdiction in this Court would not be proper. Jurisdiction following exhaustion of administrative remedies is governed by 12 U.S.C. § 1821(d)(6)(A), which states that judicial review may be obtained only "in the United States district court for the judicial district in which the home office of such depository institution is located, or in the United States District Court for the District of Columbia." Republic First was a bank incorporated in Pennsylvania, with its former headquarters in Philadelphia.  See Failed Bank Information for Republic First Bank d/b/a Republic Bank, Philadelphia, PA, FDIC, https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-

Fifth[7] have failed to exhaust their administrative remedies, and may no longer submit an administrative claim due to the expiry of the allowable time period, FDIC-R, as receiver for Republic First, must be dismissed.  Prieto, 903 F. Supp. 672; Betancourt, 851 F. Supp. at 133; Nell, 2012 WL 1030904, at *7.

### b. Whether the Insurance Policy is an "Asset"

Jansen does not oppose FDIC-R's motion to dismiss.  90 Fifth opposes on the sole ground that an insurance policy on which it claims to be an "additional insured," and on which Republic First is the primary insured party, see ECF No. 36-1 at 2, is not an "asset" of Republic First within the meaning of Section 1821(d)(13)(d)(i).[8]  MTD Opp. at 5; see also ECF No. 37 ("MTD

---

list/republicbank.html (last accessed Mar. 3, 2026).  Thus, jurisdiction would not be proper in the Southern District of New York even if plaintiffs had followed the administrative process.  Augienello v. F.D.I.C., 310 F. Supp. 2d 582, 592 (S.D.N.Y. 2004) (dismissing a complaint seeking judicial review of FDIC-R's denial of a claim because the "[bank's] principal place of business was not in the U.S. District Court for the Southern District of New York" and "this Court lacks subject matter jurisdiction" pursuant to § 1821(d)(6)(A)); see also Panos v. F.D.I.C., No. 25-354, 2025 WL 3034205 (2d Cir. Oct. 30, 2025) (summary order).  Further, even if (i) plaintiffs had followed the administrative claims process and (ii) the bank was incorporated in New York, the Second Circuit has recently explained that this Court would only have jurisdiction if the case had been filed in federal court "in the first instance." Panos, 2025 WL 3034205, at *2.  "[W]here a state court lacks jurisdiction of the subject matter or of the parties, the federal District Court acquires none on a removal of the case. . . . That is true even where the federal court would have jurisdiction if the suit were brought there."  Id. (quoting PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 72-73 (2d Cir. 1998) and explaining that "[t]his principle has been abrogated by statute in cases involving the general removal statute, see 28 U.S.C. § 1441(f), but not as applied to other statutory grants of jurisdiction" such as § 1821(d)(6)(A).).

[7]    Taurino, the general contractor, originally brought a third-party claim against Republic First.  However, that claim was voluntarily dismissed by stipulation.  ECF 18-1.

[8]    Jansen raised a similar argument in its reply brief on the motion to remand.  Specifically, Jansen argued that "[i]t was Taurino, not Republic, which

Reply") at 2.   90 Fifth's assertion is entirely unsupported. Insurance policies are clearly "assets" of the bank.  See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 28 F.3d at 384-85 ("[T]he plain meaning of the term 'assets' contained in § 1821(d)(13)(D)(i) includes the insurance policies issued . . . to [the failed bank.]"); Samuels v. Acme Market, 845 F. Supp. 292, 294 (E.D. Pa. 1994) ("To allow claims against a failed institution's insurance policy to be outside the FIRREA's pervasive regulatory scheme would defeat the goal of a comprehensive, expeditious claims resolution mechanism."); Kramer v. F.D.I.C., 2009 WL 4675796, at *2 (S.D.W. Va. Dec. 9, 2009) ("[U]nder FIRREA, insurance policies are assets of the institution.").  Furthermore, "90 Fifth's [self-described] claims seek[ing] acknowledgment of defense and indemnity under the aforementioned insurance policies," MTD Opp. at 7, are clearly seeking "determination of rights with respect to" these policies under § 1821(d)(13)(D)(i).  See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 28 F.3d at 388-89 ("Because a jurisdictional bar to declaratory judgment actions is consistent with Congress'

---

had direct control and supervised the work at the property which caused Plaintiff's accident" and that "it is the assets of Taurino, the general contractor, that Plaintiff seeks as Taurino has agreed to indemnify Republic, the lessee of the premises on which Plaintiff was injured."  Remand Reply at 7. However, even if Taurino would ultimately be obliged to pay any judgment or settlement, the existence of 90 Fifth's claim for declaratory judgment as to its rights under the Republic First's insurance policy deprives this court of jurisdiction.  See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. City Sav., F.S.B., 28 F.3d 376, 384-85 (3d Cir. 1994), as amended (Aug. 29, 1994).

intention in passing FIRREA, we give effect to the plain language of § 1821(d)(13)(D) and hold that it bars [the] declaratory judgment action, regardless of whether [plaintiffs] are characterized as creditors or debtors, and despite the fact that [plaintiffs] do not assert a right to payment.").

90 Fifth's only cited cases, American National Insurance Company v. FDIC., 642 F.3d 1137 (D.C. Cir. 2011) and FDIC v. McFarland, 243 F.3d 876, 150 (5th Cir. 2001), are not to the contrary. In American National Insurance Company, defendant J.P. Morgan Chase & Co ("JPMC"), asked the court to apply the "jurisdictional bar of § 1821(d)(13)(D)" to a claim involving an "asset" that had been previously sold by Washington Mutual, the bank in receivership, to JPMC. 642 F.3d at 1143. The court concluded that while Washington Mutual "once owned" the asset, "claims . . . against [JPMC] . . . did not fall within the jurisdictional bar . . . because 'they seek neither payment from not determination of rights with respect to the assets of [the bank-in-receivership]' but from [JPMC]" for its "conduct" in "exerting improper influence" over post-receivership transactions. Id. at 1140-42 (citation and quotation marks omitted). Similarly, the Court in McFarland analyzed a case where "the FDIC was no longer a party" and was no longer "[in] possession of the property in question." 243 F.3d at 887.

18

Here, FDIC-R, as receiver for Republic First, did not transfer either the comprehensive or excess insurance policies to any other institution.  Although 90 Fifth claims that "FDIC is not in possession of the policies," it proffers no evidence other than the purported fact that "FDIC . . . cannot . . . produce a copy of the excess insurance policy at issue."  MTD Opp. at 7.  The FDIC-R vigorously disputes that it did not have or could not produce a copy of the excess insurance policy.  MTD Reply at 4.  Moreover, the Court agrees with FDIC-R that even if it did have trouble locating a copy, "90 Fifth cites no authority for its bizarre assertion that the FDIC-R's physical possession of [the] policy determines whether 90 Fifth has to exhaust FIRREA's administrative claims process."  Id.  Unlike in American National Insurance Company and McFarland, there is no evidence that Republic First's legal rights to or under the policy were transferred to any other institution.[9]  See MTD Reply at 8 ("Here, there is no allegation,

---

[9]    No party suggests that the purchase agreement signed between the FDIC and Fulton Bank on April 26, 2024, through which Fulton Bank "acquired" the deposits and other assets of Republic First "transferred" the insurance policies to Fulton as relevant to this motion.  See Holmes Remand Decl. ¶ 5; April 26, 2024 Press Release, FDIC https://www.fdic.gov/news/press-releases/2024/fulton-bank-na-lancaster-pennsylvania-assumes-substantially-all-deposits (last accessed Mar. 6, 2025) (agreement was to "assume substantially all of the deposits and purchase substantially all of the assets" of Republic First); ECF No. 17-1 (Newspaper Notice to Depositors) ("The FDIC, which insures your deposits in its corporate capacity, arranged for the transfer of substantially all deposits . . . at the Failed Institution to another insured depository institution, Fulton Bank, National Association. . . . This arrangement should minimize any inconvenience from the closing of the Failed Institution.").  The agreement was signed on April 26, 2024, the same day the FDIC-R took over management of Republic First as receiver, and before the FDIC-R substituted itself for Republic First and removed this case.  ECF No. 3-1.  The FDIC-R often signs these "purchase and assumption" agreements with a private bank on the same day

averment, or evidence offered by 90 Fifth that Republic or FDIC-R has assigned, transferred, or relinquished the insurance policies in question to anyone."). Furthermore, it is undisputed that the other insurance policy at issue, a "commercial general liability" policy was produced by FDIC-R. MTD Opp. at 6 (claiming "[First] Republic procured commercial general liability and excess insurance for the benefit of 90 Fifth as an additional insured" but complaining only that "FDIC has not provided to date . . . a copy of the excess policy") (emphasis added); see also MTD Reply at 4. In sum, the insurance policies are "assets" of Republic First, such that claims seeking either payment from or a

---

the failed bank is dissolved/FDIC-R is appointed receiver. See, e.g., In re SVB Fin. Grp., No. 23 Civ. 7218 (JPC), 2023 WL 8622521, at *3 (S.D.N.Y. Dec. 13, 2023) ("On March 27, 2023 . . . the FDIC was appointed as receiver for the dissolved entity; as noted, this receivership is FDIC-R2. . . . Also on that day, FDIC-R2 and FDIC-C entered into a purchase and assumption agreement with First Citizens Bank & Trust Company in Raleigh, North Carolina."); Caires v. Fed. Deposit Ins. Corp., No. 16 Civ. 02651 (JGK), 2017 WL 1393735, at *2 (S.D.N.Y. Apr. 18, 2017) ("On September 25, 2008, the Office of Thrift Supervision . . . declared WaMu insolvent and appointed the FDIC as the Receiver for WaMu. . . . On the same day, the FDIC entered into a Purchase and Assumption Agreement [] with JPMorgan Chase Bank NA."). However, the FDIC-R generally retains the exclusive authority to resolve claims against the assets of the dissolved bank pursuant to FIRREA. See Caires v. J.P. Morgan Chase Bank, 745 F.Supp.2d 40, 48-50 (D. Conn. Sep. 30, 2010). This procedure "facilitates the sale of a failed institution's assets (and thus helps to minimize the government's financial exposure) by allowing the [FDIC] to absorb liabilities itself and guarantee potential purchasers that the assets they buy are not encumbered by additional financial obligations." Id. Thus, "[a]bsent a transfer of liability by the FDIC and assumption of liability by a subsequent purchaser, such as [Fulton], the liability remains with the FDIC and [is] subject to the claim exhaustion procedures." Id.; see also Rundgren v. Washington Mut. Bank, F.A., 2010 WL 4960513, at *5 (D. Haw. Nov. 30, 2010) (citing Caires, 745 F.Supp.2d. at 48-50 and concluding that it did not have jurisdiction pursuant to § 1821(d)(13)(D)).

declaratory judgment as to those policies are subject to FIRREA's jurisdictional bar.  12 U.S.C. § 1821(d)(13)(D).[10]

### c. Remand of Claims against FDIC-R to the State Court

90 Fifth requests, in the alternative, that if "this Court [does] not have subject matter jurisdiction" it should "remand [90 Fifth's] claims [against the FDIC-R/Republic First] back to the state court for adjudication."  MTD Opp. at 8-9.  Remand of the claims against FDIC-R/Republic First is clearly not an option because "no court," including a state court, "shall have jurisdiction over" claims against a bank in receivership where plaintiffs have failed to exhaust administrative remedies.  12 U.S.C. § 1821(d)(13)(D); see also 12 U.S.C. § 1821(d)(5)(C).

The Court agrees with FDIC-R that 90 Fifth's only cited case, Holmes Fin. Assocs. v. Resolution Trust Corp., 33 F.3d 561 (6thCir.

_____

[10]    FDIC-R also observes that 90 Fifth's cross-claims against FDIC-R concern more than just the "asset" of the excess insurance policy.  MTD Reply at 5-6 (citing ECF No. 3-4 ¶¶ 24-28, 32-33, 44-52).  These claims included a contractual indemnification claim, a common law indemnification claim, and a breach of contract claim, alleging, inter alia, that Republic First had caused Jansen's injury through "carelessness, recklessness and negligence and/or acts of omission or commission."  ECF No. 3-4 ¶¶ 32-33.  FDIC-R argues, in the alternative, that even if FDIC-R/Republic First did not hold "assets" under 12 U.S.C. § 1821(d)(13)(D)(i), 90 Fifth's claims "relat[e] to any act or omission of [a failed depository] institution" under 12 U.S.C. § 1821(d)(13)(D)(ii) because they accuse Republic of wrongful "act[s] or omission[s]" sounding in negligence.  MTD Opp. at 5-7.  Courts have determined that FIRREA bars claims, even against third parties who assumed assets of the bank in receivership, where the substantive allegations concern wrongdoing by the FDIC-R or the failed bank.  Vill. of Oakwood v. State Bank & Tr. Co., 539 F.3d 373, 376 (6th Cir. 2008) (dismissing claim that a party "aided and abetted" a breach of fiduciary duty by the FDIC-R); see also Am. Nat. Ins. Co. v. F.D.I.C., 642 F.3d at 1144 (the relevant question under Village of Oakwood is whether "a claim is functionally, albeit not formally, against a depository institution for which the FDIC is receivership") (emphasis in original).  However, the Court need not reach this issue, given that the claims indisputably concern an "asset" of Republic First.

21

1994), is distinguishable.  MTD Reply at 9-10; see also MTD Opp. at 8-9.  In Holmes, the plaintiff filed a state court action then, once the defendant entered receivership, properly exhausted its administrative remedies before the receiver.  Holmes, 33 F.3d at 563.  After the receiver denied the administrative claim, plaintiff sought judicial review before the original state court, citing concurrent jurisdiction, and "[t]o protect itself, . . . [plaintiff] filed [a] contingent action" in federal district court.  Id.  The district court granted a stay in favor of the state court action, and the Sixth Circuit upheld it, in part because the permissive "may remove" language of the removal statute implied an action could remain in state court if the receiver chose not to remove it.  Id. at 568 ("the permissive nature of the [receiver's] right to remove indicates Congress' determination that, if the [receiver] so chooses, it may stay in state court").  Importantly, the receiver in Holmes never elected to remove the state court action to federal court.  Id.  The situation here is different in that (i) 90 Fifth has clearly not exhausted -- or even attempted to pursue -- its administrative remedies and (ii) FDIC-R has chosen to remove the case to federal court.

The claims raised by Jansen and 90 Fifth concern "assets" of Republic First, a federal depository institution in receivership. Given that Jansen and 90 Fifth have failed to exhaust their administrative remedies, "no court" has jurisdiction over the

22

claims against Republic First, 12 U.S.C. § 1821(d)(13)(D), and FDIC-R, as receiver for Republic First, must be dismissed from the case.[11]

### III.   Remand of the Remaining Claims to State Court

Having dismissed FDIC-R/Republic First, the Court must determine whether to retain jurisdiction over the remaining parties and claims.  The Court declines to do so.  The remaining claims and cross claims were brought against parties other than FDIC-R/Republic First pursuant to New York State law.  See MTD Mot. at 4 (listing remaining claims).[12]  Thus, there is no federal question.  28 U.S.C. § 1331.  The parties are also not "completely diverse," as both plaintiff and several defendants are domiciled in New York.  See 28 U.S.C. § 1332.  Although district courts

---

[11]    The dismissal of Republic First disrupts the chain of indemnification running from Taurino to Republic First (pursuant to a "Construction Contract" between Taurino and Republic First) and then from Republic First to 90 Fifth. See Remand Reply at 7.  At first glance, this may leave 90 Fifth out in the cold, without an indemnification clause to limit its liability.  To the extent that this is true, 90 Fifth cannot claim prejudice because (i) it failed to file an administrative claim before the FDIC-R, (ii) it may still have defenses to Jansen's claims arising out of contributory negligence or a similar theory, and (iii) it still asserts various cross-claims against Taurino.  See State Court Record at 216.  Taurino will be in the same position as it was previously, because it had already agreed to indemnify Republic First and dropped its cross claims against Republic First.  Jansen will not be negatively affected because his substantive claims against Taurino and 90 Fifth will survive and will proceed in state court.

[12]    See also State Court Record at 198-99 (listing Taurino's cross claims against 90 Fifth for contributory negligence and indemnification in response to 90 Fifth's second third-party complaint), 206 (listing Taurino's cross claims against 90 Fifth for contributory negligence and indemnification arising from 90 Fifth's second amended complaint), 216 (listing 90 Fifth's cross claims for, inter alia, negligence and breaches contract and/or implied warranties against Taurino and other third-party defendants).

23

occasionally retain supplemental jurisdiction over remaining state law claims pursuant to 28 U.S.C. § 1367(a), "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Martin v. Sprint United Mgmt. Co., No. 15 Civ. 5237 (PAE), 2017 WL 5028621, at *2 (S.D.N.Y. Oct. 31, 2017) (citation and internal quotation marks omitted); see also 28 U.S.C. § 1367(c)(3).  "A district court has the discretion to remand a case removed under § 1819(b)(2)(B) after dismissing all claims against the FDIC."  Nell, 2012 WL 1030904, at *7 (collecting cases).  This case was proceeding before the state court for over five years at the time FDIC-R removed to this Court, and a fully briefed motion for summary judgment on the issue of liability was pending in the state court before removal.  Remand Mot. at 3. Thus, "judicial economy, convenience, fairness, and comity" support remand to the state court for adjudication of the remaining claims.

### CONCLUSION[13]

---

[13]    The Court understands that at least one party has requested oral argument with respect to the motion to dismiss.  See ECF No. 33.  However, given that our holdings as to both the motion to remand and the motion to dismiss are based on clear legal doctrine, the Court has determined that oral argument would not be productive.

24

For the preceding reasons, FDIC-R's motion to dismiss is granted, and all claims and cross-claims against it, as receiver for Republic First, are dismissed.  Given that the remaining claims present no federal question, the Court will remand the case to the New York State Supreme Court, Bronx County, for further proceedings.

The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 13 and 33.

Dated:    March 13, 2026
          New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

25